UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO ANTONIO (PATINO)
MANCIA,

                              Plaintiff,

              -against-

STATE OF NEW YORK,

                              Defendant.

20-CV-00719 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Marcy Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, challenging his custody and the conditions of his confinement at the

Westchester County Jail, and seeking money damages. By order dated February 19, 2020, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma

pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma

pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint does not set forth the facts clearly or chronologically; what follows is the Court's understanding of Plaintiff's allegations. On August 10, 2009, United States Marshals, "using violence," arrested Plaintiff in Los Angeles, California. There was an extradition hearing,

but Plaintiff's request for an attorney was denied, and he was not provided with a warrant or "petition of extradition." The marshals moved Plaintiff every ten days for thirty days "from county to county . . . without the possibility of communication" with family friends, or counsel. When Plaintiff arrived in New York, "two detectives . . . called this arrest illegal after reviewing the documents," but they took him to the Westchester County Jail anyway. Once there, corrections officers humiliated him, "reduc[ed] him to less than [an] animal," tortured him physically and psychologically, poisoned his breakfast, and conspired to defraud and defame him.

Plaintiff told his attorney that he was innocent, but the attorney told Plaintiff, "they already got you and they do not want to let you go." On October 10, 2019, Plaintiff was taken to the Westchester County Court, and was represented by a different attorney, Mr. Garcia. Plaintiff appears to assert that a detective and an assistant district attorney withheld exonerating documents and falsified evidence against him by "chang[ing] the fingerprints and the picture." Plaintiff further claims that Mr. Garcia, "betrayed" him by "denying him the opportunity to go to trial." Plaintiff wanted to fire Mr. Garcia, but Judge Susan Cacace would not let him. In response to the judge's question about how Plaintiff wanted to plead, Mr. Garcia said, "guilty," and Plaintiff said "innocent." Judge Cacace advised Plaintiff to listen to Mr. Garcia. Mr. Garcia told Plaintiff that Judge Cacace had said that Plaintiff should remember that whatever happened in the Westchester County Jail, "next time can be worst [sic]."

Judge Cacace "started to read the sentence," but Plaintiff did not understand "what was going on." "In the beginning," Judge Cacace "offer[ed]" Plaintiff two years, but Plaintiff did not accept it because he wanted a jury trial. Judge Cacace denied Plaintiff's request, and Plaintiff

was sentenced at is now in state custody at Marcy.[2] According to Plaintiff, the mail room is "control[ling] his mail, and requires him to send his mail through certified mail, which "cost[s] him a lot."

Attached to the complaint is an "Affidavit of T[]ruth," in which Plaintiff mentions 28 U.S.C. § 2254, and the indictment number of his Westchester County conviction. *See People v. Mancia*, Ind. No. 96-01507, 2012 WL 85604 (2d Dep't. Jan. 11, 2012) (denying Plaintiff's motion for extension of time to appeal from an August 17, 2010 judgment of the Supreme Court, Westchester County, for leave to prosecute the appeal as a poor person, and for the assignment of counsel). In that document, Plaintiff challenges the validity of his conviction on multiple grounds.

Plaintiff asserts claims of false arrest, illegal detention, kidnaping, illegal extradition, abuse of process, and fraud.

## DISCUSSION

**A.      Challenge to the Validity of the Conviction**

1.      Claim for Release

Plaintiff challenges his conviction and custody, and he seeks to be released. Plaintiff may not challenge the validity of his conviction or obtain release from custody in a § 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to

---

[2] The New York State Department of Corrections and Community Supervision website shows that Plaintiff is incarcerated in connection with a parole violation. His maximum release date is January 11, 2021. http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited on Feb. 26, 2020).

challenge the fact or duration of his confinement). A state prisoner may not circumvent the

exhaustion requirement for *habeas corpus* relief by requesting release from custody in a civil

action. *Preiser*, 411 U.S. at 489-90. To the extent that this submission can be construed as a

§ 2254 petition,[3] the petition must be dismissed because it does not demonstrate that plaintiff has

exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[4] *See*

*Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition

should be dismissed if the prisoner has not exhausted available state remedies as to any of his

federal claims."). Plaintiff may file a petition for a writ of *habeas corpus* once all available state

remedies have been exhausted.[5]

---

[3] The proper respondent in a *habeas corpus* petition under § 2254 is the superintendent of the facility where Plaintiff is incarcerated. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (The proper respondent in a *habeas corpus* action is Petitioner's present custodian).

[4] Plaintiff should note that under the Antiterrorism and Effective Death Penalty Act of 1996, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

[5] There are two limited exceptions to the exhaustion requirement. Where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, "the claim may be raised [in a federal *habeas corpus* challenge] only if the [petitioner] can first demonstrate either [good] cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Good cause" generally means "something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To establish "prejudice," a petitioner must demonstrate that he suffered "*actual* and substantial disadvantage" implicating his constitutional right to a fair trial. *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The actual innocence standard, in contrast, is more demanding. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Thus, a petitioner must demonstrate, "in light of all the evidence, [that] it is more likely than not that no juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

2.      Claim for Damages

It is not clear if Plaintiff seeks damages in connection with his criminal proceedings or

conviction. If he does, such claims are barred because Plaintiff was convicted. *See Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the
> relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state
> conduct leading to conviction or internal prison proceedings) – *if* success in that action
> would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87

("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment,

or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of *habeas*

*corpus*[.]").

Because success on Plaintiff's § 1983 claims would necessarily imply the invalidity of

his conviction, and because Plaintiff has not alleged that his conviction was overturned or

otherwise invalidated, *Heck*'s favorable termination rule bars his § 1983 claims for money

damages. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr.

17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right

to a fair trial is not cognizable under § 1983.")[6]

---

[6] "Disposition of the case on *Heck* grounds warrants only dismissal without prejudice,
because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive
order, declared invalid . . ., or called into question by a federal court's issuance of a writ of
*habeas corpus*.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at
487).

**B.      Challenge to Conditions of Confinement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.      Claims Against New York State

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the State of New York, the only named defendant, are therefore barred by the Eleventh Amendment and are dismissed.

2.      Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[7]

Plaintiff alleges that at the Westchester County Jail, he was tortured and poisoned, but he does not name any individual Defendants who were personally involved in those events, and he provides few specific facts about what exactly occurred. The Court grants Plaintiff leave to file an amended complaint to provide facts that support his allegations.[8]

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendants in the caption[9] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of

---

[7] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[8] Plaintiff briefly mentions issues with his mail at Marcy, located in Oneida County, New York. Any issues Plaintiff seeks to raise occurring at Marcy must be filed in the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 112(a).

[9] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[10] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

---

[10] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-00719 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   March 6, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been
assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                     Middle Initial                 Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____