UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO ANTONIO MANCIA (PATINO),

                Plaintiff,

            -against-

NEW YORK DEPARTMENT OF JUSTICE;
JUDGE SUSAN CACACE; WESTCHESTER
COUNTY JAIL OFFICER PARSON,

                Defendants.

20-CV-719 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is incarcerated at Marcy Correctional Facility, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 6, 2020, Chief Judge McMahon directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on May 7, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The original complaint, filed against the State of New York, did not clearly or chronologically lay out the underlying events. The March 6, 2020 order to amend details the allegations in Plaintiff's original complaint, so this Court will briefly summarize them here. According to Plaintiff, in 2009, United States Marshals arrested him in California; he was extradited to New York; he was tortured at the Westchester County Jail; Westchester County Court Judge Cacace presided over unfair criminal proceedings; and his mail at Marcy Correctional Facility, where he is now incarcerated, is being controlled and limited. Plaintiff asserts claims of false arrest, illegal detention, kidnaping, illegal extradition, abuse of process, and fraud, and he also cites to 28 U.S.C. § 2254, and challenges the constitutionality of his conviction.

In the March 6, 2020 order to amend, Chief Judge McMahon held as follows: (1) to challenge the legality of his conviction, Plaintiff must file a *habeas corpus* petition, after he has exhausted his state-court remedies; (2) any claim for damages Plaintiff was seeking for an allegedly unlawful conviction was barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); (3) the Eleventh Amendment barred Plaintiff's claim against the State of New York; and (4) Plaintiff failed to name any individual defendants or explain how anyone was personally involved in violating his constitutional rights.

Plaintiff's amended complaint names as defendants Judge Cacace, the "New York Department of Justice," and Westchester County Jail Officer Parson. Plaintiff reiterates that he was unlawfully extradited and denied a fair trial in 2009. He also mentions another situation occurring in 1996, during which he was arrested without a warrant. There are no specific allegations against Defendant Parson. The last eight pages of Plaintiff's fifteen-page amended complaint is entitled, "the right of counsel by indigent," which is legal boilerplate with no facts specific to Plaintiff's situation.

## DISCUSSION

Plaintiff's amended complaint fails to comply with Rule 8 or otherwise state a claim on which relief may be granted. As discussed in the March 6, 2020 order, any challenge to Plaintiff's state court criminal conviction must be raised in a *habeas corpus* petition under 28 U.S.C. § 2254, but Plaintiff can only seek that relief after exhausting his state-court remedies. There is no indication that Plaintiff has complied with the exhaustion requirement. Moreover, Plaintiff cannot seek damages for an allegedly unlawful conviction unless that conviction has been previously invalidated or reversed.

There is no entity called the "New York Department of Justice." In any event, the Eleventh Amendment bars any damages claim Plaintiff seeks to pursue against New York State or a New York State agency.

Plaintiff names Westchester County Jail Officer Parson as a defendant. Although the March 6, 2020 order explained that it was imperative for Plaintiff to provide facts showing how any individual defendant was personally involved in violating his rights, the amended complaint contains no allegations against Parson.

Where a plaintiff names a defendant in the caption of the complaint, but the body of the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)). For these reasons, Plaintiff's claims against Officer Parson are dismissed for failure to state a claim.

Finally, judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in

1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff sues Judge Cacace for the manner in which she presided over his criminal case. Plaintiff fails, however, to allege that Judge Cacace acted outside her judicial capacity, or in the absence of jurisdiction. Judge Cacace is therefore immune from suit, and Plaintiff's claims against her are dismissed.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. *See 2*8 U.S.C. § 1915(e)(2)(B)(ii), (iii).

This order is to be mailed in chambers.

SO ORDERED.

Dated:   May 13, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.